**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**BEAUFORT DIVISION**

| | | |
|---|---|---|
| **Kelly Benfield,** | ) | **Civil Action No.:** 9:26-cv-03868-BHH |
| | ) | **Formerly (2026CP2700431)** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ANSWER** |
| **Commercial Roofing Specialties Inc.;** | ) | |
| **Kyle Elliott Roebuck,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMES NOW,** the Defendants, Kyle Elliott Roebuck and Commercial Roofing Specialties (hereinafter "Defendants"), by and through their undersigned counsel, answering the Complaint of the Plaintiff, would allege and show unto the Court:

**FOR A FIRST DEFENSE**

1. Each and every allegation of the Plaintiff's Complaint not specifically admitted herein is denied.
2. Defendants lacks sufficient knowledge and information to form a belief as to the allegations of Paragraph 1, and therefore, must deny the same.
3. Paragraph 2 is admitted.
4. Paragraph 3 is admitted.
5. Paragraphs 4 and 5 are legal conclusions to which no response is required. To the extent a response is required, Paragraphs 4 and 5 are denied.

6. In response to Paragraph 6, Defendants reallege each preceding paragraph as if repeated herein verbatim.

7. Paragraph 7 is admitted.

8. Paragraph 8 is admitted.

9. Lacks sufficient knowledge and information to form a belief as to Paragraphs 9 through 11, therefore, denies the same.

10. Paragraph 12 is admitted.

11. Paragraph 13 is admitted.

12. Paragraph 14 is denied.

13. Lacks sufficient knowledge and information to form a belief as to Paragraphs 15 and 16, and therefore, denies the same.

14. Responding to Paragraph 17, Defendants admit that Defendant Roebuck's vehicle came into contact with other vehicles. Any remaining allegations contained in

15. Lacks sufficient knowledge and information to form a belief as to Paragraphs 18 and 19, and therefore, denies the same.

16. Paragraphs 19 and 20 are denied.

17. In response to Paragraph 21, Defendants reallege each preceding paragraph as if repeated herein verbatim.

18. Paragraph 22 is a legal conclusion to which no response is required. To the extent a response is required, Paragraph 22 is denied to the extent it is inconsistent with South Carolina law.

19. Paragraphs 23 through 29 are denied.

20. In response to Paragraph 30, Defendants reallege each preceding paragraph as if repeated herein verbatim.

21. Paragraphs 31 through36 are denied.

22. The unnumbered paragraph beginning with WHEREFORE is denied.

**FOR A SECOND DEFENSE**
**(Failure to State a Claim)**

23. Defendants would show that the Plaintiff's Complaint fails to state a claim upon which relief can be granted, and, therefore should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**FOR A THIRD DEFENSE**
**(Sudden Emergency)**

24. Even assuming Defendants were negligent in any respect, which is expressly denied, the Defendants would show that the Plaintiff's injuries or losses were the result of and reaction to a sudden emergency over which Defendants had no control and, therefore, Plaintiff's action is barred.

**FOR A FOURTH DEFENSE**
**(Assumption of the Risk)**

25. The Defendants would show that the Plaintiff knew of the probable risk of injury or harm resulting from Plaintiff's actions, and therefore, the Defendants would plead the doctrine of assumption of the risk as a complete bar to this action.

**FOR A FIFTH DEFENSE**
**(Unavoidable Accident)**

26. The Defendants would show that such injuries or losses that the Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by

the negligence on the part of the Defendants but was rather due to and caused by an unavoidable accident, thereby barring any claim whatsoever.

**FOR A SIXTH DEFENSE**
**(Comparative Negligence)**

27. The Defendants would show that such injuries or losses that Plaintiff sustained, if any, were due to or caused by the sole negligence, gross negligence, willfulness, wantonness, carelessness and recklessness of the Plaintiff, combining, concurring, and contributing with the negligence, if any, on the of the Defendants, to such a degree that Plaintiff's recovery is barred the doctrine of comparative negligence in South Carolina

**FOR A SEVENTH DEFENSE**
**(Intervening or Superseding Negligence)**

28. The Defendants would show that such injuries or losses that Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by any negligence on the part of the Defendants, but were rather due to and caused by the contributing, concurring, intervening or superseding fault, breach of warranty or act or omission of a third party, over which these Defendants had no control.

**FOR AN EIGHTH DEFENSE**
**(Waiver and Estoppel)**

29. The Defendants would show that Plaintiff's Complaint is barred by the doctrine of waiver and estoppel.

**FOR A NINTH DEFENSE**
**(Spoliation)**

30. The Defendants would show that Plaintiff's Complaint is barred by the doctrine of spoliation.

**FOR A TENTH DEFENSE**
**(Punitive Damages)**

31. The Defendants allege that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

32. The Defendants allege that the Plaintiff's claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the South Carolina Constitution because, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

33. The Defendants allege that the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of these Defendants.

34. The Defendants allege that the Plaintiff's claim of punitive damages violates the doctrine of separation of powers and Article I, Section 3 of the South Carolina Constitution because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

35. Defendants would show, upon information and belief, that the Plaintiff's claim for punitive Damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Defendants could be subjected to multiple awards

of punitive damages for the same set of facts; the self-incrimination clause is being violated because Defendants can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates Defendants' right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills these Defendants' exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed; the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

36. Defendants plead all applicable statutory caps on punitive damages, including but not limited to the caps described in S.C. Code Ann. § 15-32-530, *et seq.*, as amended.

**WHEREFORE**, having fully answered, the Defendants pray that the Plaintiff's Complaint be dismissed with costs, for attorney's fees and such other and further relief this Court deems just and proper.

The Defendants demand a jury trial.

[*Signature Page Following*]

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/ Kara N. Wagstaff
Richard E. McLawhorn, Jr. Fed Id. No.: 11441
Kara N. Wagstaff, Fed Id. No.: 14620
1515 Lady Street
Post Office Box 12129
Columbia, South Carolina 29211
(803) 256-2233
rem@swblaw.com
knw@swblaw.com
**ATTORNEYS FOR DEFENDANTS**

Columbia, South Carolina

September 3, 2026