**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| Kelly Benfield,<br><br>Plaintiff,<br>v.<br><br>Commercial Roofing Specialties Inc.; Kyle Elliott Roebuck,<br><br>Defendants. | Civil Action No.: 9:26-cv-03868-BHH<br><br>**PLAINTIFF'S RESPONSES TO LOCAL CIV. RULE 26.03 INTERROGATORIES** |

## I. Local Civ. Rule 26.03 (D.S.C.) Disclosures

1. **Short statement of the facts of the case:**

RESPONSE: This action arises from a multi-vehicle motor vehicle collision that occurred on November 26, 2025, in Jasper County, South Carolina. Plaintiff Kelly Benfield was operating her vehicle in slowing traffic when a commercial motor vehicle operated by Defendant Kyle Elliott Roebuck, while acting on behalf of Defendant Commercial Roofing Specialties, Inc. ('CRS'), struck the rear of another vehicle and caused a chain-reaction collision resulting in the vehicle behind Plaintiff colliding with the rear of Plaintiff's vehicle.

2. **Names of fact witnesses likely to be called and a brief summary of their expected testimony:**

RESPONSE:

Plaintiff Kelly Benfield

Ms. Benfield is expected to testify concerning the facts and circumstances of the subject collision, her injuries, symptoms, medical treatment, limitations, damages, and other matters within her personal knowledge.

Defendant Kyle Elliott Roebuck

Mr. Roebuck is expected to testify concerning the circumstances of the collision; his operation of the commercial motor vehicle; his employment, qualifications, training, supervision, work assignment, hours-of-service compliance, and any other matters revealed through discovery.

Representatives of Commercial Roofing Specialties, Inc.

Corporate representatives of CRS are expected to testify concerning CRS's policies, procedures, safety practices, driver qualification and training, hiring, supervision, retention, vehicle maintenance, dispatch, the subject vehicle, and other relevant corporate knowledge revealed through discovery.

STRP M. Gallovitch c/o South Carolina Highway Patrol, Troop 6

The investigating law-enforcement officer is expected to testify concerning the collision investigation, scene observations, report preparation, citations, and related investigation.

L/Cpl. T.I. Sanders c/o South Carolina State Transport Police

L/Cpl. Sanders is expected to testify regarding the post-crash commercial-vehicle inspection, the condition and operation of the commercial vehicle, and the violation documented in the inspection report.

Joseph K. Hogan, M.D. c/o Memorial Health

Dr. Hogan is expected to testify concerning Plaintiff's emergency-department evaluation, diagnoses, and treatment immediately following the crash, to the extent necessary and appropriate.

Jason M. Highsmith, M.D., FACS c/o Florida Spine & Orthopedics

Dr. Highsmith is expected to testify regarding Plaintiff's cervical and lumbar injuries, diagnostic findings, treatment, causation, prognosis, and future-care recommendations.

Mary F. Shaya, M.D. c/o Ethos Health Group

Dr. Shaya is expected to testify concerning Plaintiff's post-concussive and traumatic brain injury symptoms, assessments, diagnostic testing, treatment recommendations, causation, and prognosis.

**3. The names and subject matter of expert witnesses:**

RESPONSE:

Plaintiff has not yet retained or designated any specially retained experts expected to testify. Plaintiff expects to call certain treating physicians pursuant to Fed. R. Civ. P. 26(a)(2)(C). Plaintiff may also timely designate retained experts concerning medical

causation, permanency, future medical care, accident reconstruction, and transportation safety, as permitted by the scheduling order and applicable rules.

**4. A summary of the claims or defenses with statutory and/or case citations supporting the same.**

RESPONSE:

Negligence *Per Se*: "Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute." *Seals by Causey v. Winburn*, 314 S.C. 416, 445 S.E.2d 94 (Ct. App. 1994) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).

Negligence: "To recover on a claim for negligence, a plaintiff 'must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach.'" *Carolina Chloride, Inc. v. Richland Cnty.,* 394 S.C. 154, 714 S.E.2d 869 (2011) (citations omitted).

Vicarious Liability/Respondeat Superior: "The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Sams v. Arthur*, 135 S.C. 123, 133 S.E. 205 (1926)).

Negligent Hiring, Training, Supervision, and Retention: "In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992)).

As discovery is ongoing, Plaintiff reserves the right to supplement for any additional claims which may result.

**5. Proposed Deadlines:**

RESPONSE: See the Consent Proposed Amended Scheduling Order to be submitted by the parties after the early conference of the parties.

**6. Any special circumstances that would affect the time frames applied in preparing the scheduling order.**

RESPONSE: Plaintiff is not aware of any special circumstances at this time.

**7. Additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

RESPONSE: Plaintiff consents to a trial before a United States Magistrate Judge.

Respectfully Submitted,

**MORGAN & MORGAN, PA**

*s/ Cooper Klaasmeyer*
COOPER KLAASMEYER, ESQ.
Fed. ID No. 14272
4401 Belle Oaks Drive, 3rd Floor
North Charleston, South Carolina 29405
Phone: 843-973-5438
Email: Cooper.klaasmeyer@forthepeople.com
Team Email: Teamck@forthepeople.com
***ATTORNEYS FOR PLAINTIFF***

September 9, 2026
North Charleston, SC