**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**BEAUFORT DIVISION**

| | | |
|---|---|---|
| **Kelly Benfield,** | ) | **Case No.: 9:26-cv-03868-BHH** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **DEFENDANTS' RESPONSES TO LOCAL CIVIL RULE 26.03 INTERROGATORIES** |
| | ) | |
| **Commercial Roofing Specialties Inc.; Kyle Elliott Roebuck,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

Defendants Commercial Roofings Specialties, Inc. and Kyle Elliott Roebuck, by and through their undersigned attorneys, pursuant to Rule 26.03(A) of the Federal Rules of Civil Procedure, hereby make the following disclosures.

1. A short statement of the facts of the case.

<u>RESPONSE</u>: **This lawsuit arises from an incident that occurred on or around November 26, 2025, which involved multiple vehicles and individuals. Plaintiff is alleged to have been in a vehicle involved in the accident. Plaintiff alleges she sustained serious injuries as a result of this accident. Plaintiff alleges that Defendant Roebuck was negligent and negligent per se in the operation of the vehicle. Plaintiff also alleges that Defendant Commercial Roofing Specialties, Inc. is vicariously liable for the alleged negligence of Defendant Roebuck and directly liable under a claim of negligent hiring, training, supervision, and retention. At this time, Defendant denies the allegations of Plaintiff's Complaint and demands strict proof thereof.**

2. The names of the fact witnesses likely to be called by the party and a brief summary of their expected testimony.

<u>RESPONSE</u>:

**a. Katare Littlejohn, Plaintiff**
**c/o Farah & Farah, P.A.**

**Plaintiff was involved in the collision and is expected to have knowledge of the facts and circumstances of the collision.**

**b. Emery Littlejohn, Plaintiff**
**c/o Farah & Farah, P.A.**
**Plaintiff was involved in the collision and is expected to have knowledge of the facts and circumstances of the collision.**

**c. A.L., Minor Plaintiff**
**c/o Farah & Farah, P.A.**
**Minor Plaintiff was involved in the collision and is expected to have knowledge of the facts and circumstances of the collision.**

**d. Kyle Elliott Roebuck, Defendant**
**c/o Sweeny, Wingate & Barrow, P.A.**
**Defendant Roebuck was involved in the collision and is expected to have knowledge of the facts and circumstances of the collision.**

**e. Callie Alexandra Gillespie**
**6623 Tailfeather Way**
**Bradenton, FL 34203**
**Ms. Gillespie was involved in the collision and is expected to have knowledge of the facts and circumstances of the collision.**

**f. Antonio Augusto Palamar**
**c/o Goings Law Firm**
**Mr. Palamar was involved in the collision and is expected to have knowledge of the facts and circumstances of the collision.**

**g. Kelly Breitkreutz Benfield**
**c/o Morgan & Morgan, P.A.**
**Ms. Benfield was involved in the collision and is expected to have knowledge of the facts and circumstances of the collision.**

**h. Robert Tillman**
**172 Savannah Lane**
**Richmond Hill, GA 31324**
**Mr. Tillman was involved in the collision and is expected to have knowledge of the facts and circumstances of the collision.**

**i. Laura Clarice Bartley**
**c/o Ken Nugent Law Firm**
**Ms. Bartley was involved in the collision and is expected to have knowledge of the facts and circumstances of the collision**

**j. Alejandro Javier Moreno Gonzales**
**c/o James Piccolino Law, P.A.**

**Mr. Gonzales was involved in the collision and is expected to have knowledge of the facts and circumstances of the collision.**

**k. M. Gallovitch**
**South Carolina Highway Patrol**
**Officer Gallovitch was the responding officer to the collision and is expected to have knowledge of the facts and circumstances of the collision.**

**Medical Providers for Plaintiffs who provided treatment for any alleged injuries received as a result of this incident.**

**Defendants reserve the right to supplement this answer pursuant to F.R.C.P. and/or scheduling order.**

**Any other witnesses of which the parties may become aware throughout the course of discovery.**

3. The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**RESPONSE: No expert witnesses have been identified at this time.**

4. A summary of the claims or defenses with statutory and/or case citations supporting same.

**RESPONSE: Defendants have answered and denied Plaintiff's allegations and demanded strict proof thereof, in accordance with Plaintiff's burden of proof in a civil action such as this one. Defendants have also asserted failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants have also cited the doctrine of comparative negligence as described in South Carolina Code Section 15-38-15 and the case law of South Carolina. Defendants have also asserted the defenses of intervening and superseding negligence (*see Matthews v. Porter*, 239 S.C. 620, 124 S.E.2d 321 (1962)); sudden emergency *(see Elrod v. All*, 243 S.C. 425, 134 S.E.2d 410 (1964)); assumption of known risk (*see Turner v. Sinclair Ref. Co.*, 254 S.C. 36, 173 S.E.2d 356 (1970)); and unavoidable accident (*see Grier v. Cornelius*, 247 S.C. 521, 148 S.E.2d 338 (1966)). These defenses would be used to show that the Defendants are either not liable or partially liable. Finally, Defendants assert the doctrine of waiver and estoppel (*see King v. James*, 388 S.C. 16, 694 S.E.2d 35 (Ct. App. 2010)); spoliation (*see Cole Vision Corp. v. Hobbs*, 394 S.C. 144, 714 S.E.2d 537 (2011)); and any other defense that may be discovered as discovery as this case progresses. Finally, Defendant asserts that Plaintiff's claim for punitive damages violates the Constitution of the United States and the Constitution of South Carolina.**

5. Absent special instructions from the assigned Judge, the parties shall propose dates for the following deadlines listed in local Civil Rule 16.02.

**RESPONSE: See the Consent Proposed Amended Scheduling Order to be submitted by the parties.**

6. Any special circumstances that would affect the time frames applied in preparing the scheduling order:

**RESPONSE: Defendants are not aware of any special circumstances that would affect the time frames applied in preparing the scheduling order.**

7. Any additional information requested in the Pre-Scheduling Order or otherwise requested by the assigned judge.

**RESPONSE: Defendants agree with the Court's order for mediation.**

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Kara N. Wagstaff
Richard E. McLawhorn, Jr. Fed. I.D. No. 11441
Kara N. Wagstaff Fed. I.D. No. 14260
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC 29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANTS**

Columbia, South Carolina

October 2, 2026